■ PATCHOGUE SHOPPING CENTER, INC., Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 38612.) — *Per Curiam.* Appeal by the State from a judgment of the Court of Claims awarding direct and consequential damages of $69,000 on account of the appropriation of unimproved lands in East Patchogue for purposes of the Sunrise Highway Extension. The proof is sufficient to sustain the trial court's finding that the highest and best use of the property before the appropriation was for business purposes and to sustain, also, the court's evaluation thereof at 42 cents per square foot. Claimant's expert considered that the taking of 105,600 square feet from the tract of 362,000 square feet left the remainder of 256,400 square feet inadequate for the shopping center use contemplated for the entire property; but the court was warranted in rejecting that conclusion and in finding that the remainder could be " effectively developed" for a shopping center. The record does not, however, support the finding of consequential damage to the so-called "first remainder" fronting on Phyllis Drive and aggregating 45,000 square feet, which, according to claimant's expert, sustained no consequential damage; nor does the proof support the finding of an after value for the " second remainder ", containing 211,400 square feet, in any amount less than 37½ cents per square foot. It is indicated in a table in respondent's brief, but not otherwise argued therein, that the State's expert testified to an after value of 30 cents per square foot; but this is illusory at best as the fact is that, having testified that the before value was 30 cents and that there was in his opinion no consequential damage, claimant's expert, in response to a completely redundant question, gave the equally redundant answer that the after value was also 30 cents; but this, obviously, cannot be given probative force as an after value depreciated from the before value by consequential damages accrued in some amount, as the trial court and this court are agreed, inasmuch as the expert's figure was predicated on his *denial* of any consequential damage. We find that the value of the property was $152,000 before the taking and was $98,000 thereafter, resulting in damage of $54,000, of which $44,500 was direct damage and $9,500 was consequential damage. The award of the additional amount of $1,000 for entry damages is not contested. Judgment modified, on the law and the facts, so as to reduce the award to $55,000 and appropriate interest and, as so modified, affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur.